# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA
### Alexandria Division

In re:

MARK R. HOLLAND,

      Debtor.

Case No. 15-13519-RGM
(Chapter 13)

## <u>MEMORANDUM OPINION</u>

This case is before the court on the motion of Lora Holland for relief from the automatic stay to conclude a pending divorce case in which she is seeking a divorce *a vincula matrimonii*, support, equitable distribution, and attorney's fees.  The debtor concedes that most of the requested relief is not stayed by 11 U.S.C. §362(a) and does not oppose relief as to those matters.[1]  However, he opposes relief that would permit the state court to make a monetary award based on an allocation of the marital debts between the parties.  Va.Code (1950) §20-107.3(A).

The divorce case was filed on September 5, 2014, and had been pending more than a year when the debtor filed this chapter 13 case on October 8, 2015, on the eve of trial.  The debtor fully disclosed in his schedules the divorce matters pending.  He listed Ms. Holland, his non-filing spouse, as a creditor on Schedule F, describing the claim as "Divorce Action: Spouse's Claim for Equitable Distribution.  Subject to setoff."  He scheduled a "Possible Marital Settlement and/or Property Distribution" and an "Unliquidated Interest in Equitable Distribution and/or Spousal Support" as assets on Schedule B.  He identified most of the debts listed on Schedules E and F as having a

---

[1]Section 362(b)(2) expressly excludes certain domestic relations matters from the automatic stay, among which are the establishment or modification of a domestic support obligation and the dissolution of a marriage.  11 U.S.C. §362(b)(2)(A)(ii) and (iv). However, a proceeding to determine the division of property that is property of the estate is not within the exclusion and is stayed by 11 U.S.C. §362(a).

codebtor and identified Ms. Holland as the codebtor on Schedule H.[2]  All but one creditor filed a

proof of claim.  Ms. Holland and her divorce attorney received notice of the filing of the petition and

of the bar date to file claims which was February 8, 2016.

Ms. Holland did not file a proof of claim.

The debtor's chapter 13 plan was confirmed without objection on January 6, 2016.  It will

pay priority tax claims in full and approximately 37% of the unsecured claims.[3]  Ms. Holland is

protected from collection action by joint creditors by the codebtor stay.  11 U.S.C. §1301(a).  The

codebtor stay can be terminated to the extent that the codebtor received consideration for the claim

and the chapter 13 plan does not propose to pay the claim.  11 U.S.C. §1301(a) and (c).

On July 1, 2016, Ms. Holland filed a motion seeking relief from the automatic stay.  The

trustee had no objection to the relief as long as no action was taken against property of the estate.

The debtor objected only to relief relating to marital debt and the entry of a monetary award.

Va.Code (1950) §20-107.3(C) permits the state court to enter an equitable distribution award based

on the marital debt of the parties in the divorce action.  Marital debt is all debt incurred in the joint

names of the parties before separation and all debt incurred in either party's name after the marriage

and before separation.  Va.Code (1950) §20-107.3(A)(4) and (5).

*Secrest v. Secrest (In re Secrest),* 453 B.R. 623 (Bankr.E.D.Va. 2011) addressed the question

of when relief from the automatic stay should be granted in a chapter 7 case to pursue equitable

distribution of property of the bankruptcy estate.  In *Secrest,* the marital home had equity of about

$900,000.  Ms. Secrest, the non-filing spouse, sought relief from the automatic stay so that the house

---

[2]The proofs of claims only assert a liability of the debtor.

[3]The priority tax claims total $5,167.81.  The unsecured claims total $77,122.

2

would be equitably divided between the debtor and herself.  If the state court awarded her more than her one-half interest, there would be less money available for the chapter 7 trustee to pay creditors. Any award could affect the payment of joint creditors of the debtor and Ms. Secrest that the chapter 7 trustee would pay from joint assets, such as the marital home.  There was a clear conflict between Ms. Secrest and the bankruptcy estate.

The court considered three principal factors in deciding whether to grant relief from the automatic stay:  (1) the extent to which state law is applicable; (2) judicial economy and the efficient administration of the bankruptcy case; and (3) protection of the bankruptcy estate.  *Id.* at 628-29. The three factors were earlier articulated by the Court of Appeals for the Fourth Circuit in *Robbins v. Robbins (In re Robbins),* 964 F.2d 342 (4th Cir. 1992) and *Roberge v. Buis (In re Roberge),*  95 F.3d 42 (table), 1996 WL 482686 (4th Cir. Aug. 27, 1996) (unpublished opinion).  Both cases sought to balance the "potential prejudice to the debtor's bankruptcy estate against the hardships that will be incurred by the person seeking relief from the automatic stay if relief is denied."  *In re Robbins,* 964 F.2d at 345.

In *Robbins,* a chapter 11 case, relief was granted to allow entry of a monetary equitable distribution judgment.  The divorce case had been fully litigated and decided, but the debtor filed his chapter 11 petition before the state court entered the final order.  Resolution of the equitable distribution claim was necessary so that the debtor could formulate his chapter 11 plan and seek confirmation.  Relief was granted so that the final order could be entered and the claim liquidated. The payment of the order was to be in pursuant to the debtor's confirmed chapter 11 plan.  No property of the estate was transferred to the non-filing spouse.

3

It is equally necessary in a chapter 13 case as in a chapter 11 case to liquidate a monetary equitable distribution claim.  Without a liquidated amount, it is difficult to determine whether a proposed chapter 13 plan satisfies the statutory requirements, and a chapter 13 trustee may not make a distribution to the non-filing spouse.  This does not mean that relief from the automatic stay to liquidate monetary equitable distribution claims is a matter of right.  The deciding factor in this case is that the bar date to file proofs of claims expired without Ms. Holland having filed a proof of claim. Without a timely-filed proof of claim, she cannot receive a distribution from the chapter 13 trustee. *In re Blakely,* 440 B.R. 443 (Bankr. E.D. Va. 2010); *In re Nwonwu,* 362 B.R. 705 (Bankr. E.D. Va. 2007); *In re Day,* 2009 WL 3233160 (Bankr. E.D. Va. Sept. 30, 2009).  Even if relief were granted and the state court made a monetary award, the monetary award would be discharged.  11 U.S.C. §1328(a)(2).[4]  In this case, no purpose is served by making a monetary equitable distribution award whether based on the marital debt of the parties or otherwise.  It causes additional litigation, expense and delay for something that would have no significance.  The claim cannot be paid by the chapter 13 trustee during the case and the claim is discharged at the end of the case.

Ms. Holland argues that the chapter 13 plan may fail.  To date, almost nine months after confirmation, there is no indication of a default under the plan.  It is not sufficient to argue that a plan *may* fail.  All plans *may* fail.  In fact, many do not make it to completion.  But, fear is not itself enough to grant relief from the automatic stay.

---

[4]In chapter 7, an equitable distribution award is not dischargeable.  11 U.S.C. §523(a)(15).

4

Ms. Holland is reasonably protected and some of the benefits of a monetary equitable distribution award particularly relating to marital debts will be achieved in this bankruptcy case.[5] She has the protection of the codebtor stay during the pendency of the case subject to the statutory limitations. If the plan is successful, her obligation on joint debts will be reduced. The joint tax debt will be paid in full. A significant portion of the joint unsecured debt will be paid.

In this case, the entry of a monetary equitable distribution award by the state court would be futile. Ms. Holland did not timely file a proof of claim and any claim she may now file cannot be paid in this case. If a monetary equitable distribution award were entered by the state court, it would not survive the discharge in this case.

In balancing the harm between the debtor, the bankruptcy estate, and Ms. Holland and considering the three factors, the court will confirm that no stay became effective as to certain actions; terminate the automatic stay as to property that is no longer property of the estate; and maintain the stay in full force and effect as to the allocation of marital debts and entry of a monetary award.

Alexandria, Virginia
September 22, 2016

/s/ Robert G. Mayer
Robert G. Mayer
United States Bankruptcy Judge

---

[5] Without knowing all of the debts – separate, joint, marital and non-marital – of both the debtor and Ms. Holland, this court cannot determine the extent to which the successful completion of the debtor's chapter 13 plan will benefit Ms. Holland. If there are joint marital debts, a significant portion will be paid. Individual debts of the debtor that are also marital debts will be paid in part and discharged in part.

Copy electronically to:

Robert D. Moreton
Gregory H. Counts
Thomas P. Gorman

19242